# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| MELVIN COCHRAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-171 |
| | ) | |
| CHRISTOPHER J. GODFREY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Melvin Cochran has filed this case which appears to challenge disposition of his disability claim as a United States Postal Service employee. *See* doc. 1 at 3-4. The Court previously recommended that his case be dismissed for his failure to timely respond to the Clerk's notice that his Motion to Proceed *in Forma Pauperis* was unsigned. *See* doc. 5. He filed the signature page of his motion within the period to object to the Report and Recommendation. Doc. 6. He subsequently responded to the Report and Recommendation, albeit untimely. *See* doc. 9. Despite his failure to fully and timely comply with the Court's instructions, the Court will permit this case to proceed. The Report and Recommendation is, therefore, **VACATED**. Doc. 5. Since it appears that

Cochran lacks the funds to pay the Court's filing fee, his Motion to Proceed *in Forma Pauperis* is **GRANTED**. Doc. 2. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915(e)(2)(B).

Section 1915(e) requires dismissal of a case, where plaintiff is authorized to proceed *in forma pauperis*, "at any time if the court determines that . . . it is frivolous . . . [or] fails to state a claim on which relief may be granted," among other reasons. 28 U.S.C. § 1915(e)(2)(B). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is deemed "frivolous" under § 1915 where the court lacks subject-matter jurisdiction. *See Davis v. Ryan Oaks Apt.*, 357 F. App'x 237, 238-39 (11th Cir. 2009).

2

Cochran's Complaint is, charitably, terse.  It's factual allegations state, in their entirety, and in unedited form:

> Under 5 USC 8101 my three children was entitled to a percentage of my wage loss, and my wife's is entitled to court order child support, the defendant purposely set aside my rights to wage loss under the Act, as requested by my department manager.

Doc. 1 at 4.  He seeks unspecified compensatory damages and "a federal investigation by FBI criminal violations under 58101." *Id.*  Those allegations are not sufficient to state a claim upon which relief may be granted.

First, a plaintiff in a civil action may not seek initiation of a criminal prosecution.  Private citizens are simply not permitted to initiate criminal actions in federal court.  *See, e.g., Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution." (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."))); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("[A] private citizen has no authority to initiate a federal criminal prosecution.").  The Court is also without authority to order the United States Attorney, or

indeed any other law enforcement officer, to initiate a prosecution.  *See, e.g., Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) (citations omitted) ("federal courts have traditionally and, to our knowledge, uniformly refrained from overturning, at the insistence of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made[,] . . . even in cases . . .where . . . serious questions are raised as to the protection of the civil rights and physical security of a definable class of victims of crime and as to the fair administration of the criminal justice system.").  Such orders would violate the Constitution's separation of powers between the Executive and Judicial Branches.  *See id.* at 379-80 (quotes and cite omitted) (the United States Attorney, although a member of the bar and an officer of the court, "is nevertheless an executive official of the Government, and it is as an officer of the executive department that he exercises a discretion as to whether or not there shall be a prosecution in a particular case.").  The portion of Cochran's Complaint seeking the institution of criminal proceedings should, therefore, be **DISMISSED**.  *See* doc. 1 at 4.

To the extent that Cochran seeks relief related to the federal Workers' Compensation statute, *see* 5 U.S.C. §§ 8101, *et seq.*, his claim appears barred by statute.  Although he cites to § 8101, *see* doc. 1 at 4, that section is only the definition section of the statutory scheme, known as the Federal Employees' Compensation Act (FECA), whereby "[t]he United States shall pay compensation . . . for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ."  5 U.S.C. § 8102(a); *see also Woodruff v. U.S. Dept. of Labor, Office of Workers Compensation Program*, 954 F.2d 634, 636 (11th Cir. 1992) ("FECA provides workers' compensation coverage for federal civilian employees who are injured while in the performance of their duties.").  Although Cochran's factual allegations are not sufficient to determine conclusively that he is seeking review of such an award, that appears to be the nature of his claim.  If the Court has correctly construed his claim, it does not appear that he can seek review of any such award.  "The action of the Secretary [of Labor] or his designee in allowing or denying a payment . . . is final and conclusive for all purposes and with respect to all questions of law and fact; and . . . not subject to review by another official of the United States or by a court by

mandamus or otherwise." 5 U.S.C. § 8128(b). Courts, including this Court, have recognized that the preclusion of review of such decisions is jurisdictional. *See Gibbs v. United States*, 517 F. App'x 664, 668 (11th Cir. 2013); *Stanley-Salters v. United States*, 2018 WL 5283445, at \*2-\*3 (S.D. Ga. Oct. 24, 2018).

Despite the limitations of the statute, the Eleventh Circuit has recognized "two instances . . . in which a federal court may exercise jurisdiction over a final decision of the Secretary [of Labor] under FECA." *Woodruff*, 954 F.2d at 639. "The federal courts retain jurisdiction to review charges that the Secretary violated a clear statutory mandate or prohibition, and to consider constitutional claims." *Id.* (citing *Staacke v. United States Secretary of Labor*, 841 F.2d 278 (9th Cir. 1988)). Cochran's limited factual allegations are not sufficient to establish that his claim falls within the narrow circumstances where this Court may exercise jurisdiction over a FECA claim. As a *pro se* plaintiff, Cochran is entitled to an opportunity to amend his Complaint. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("[W]hen a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court

dismisses the action."). Cochran is, therefore, **DIRECTED** to file an Amended Complaint clarifying the nature of his FECA claim no later than September 26, 2022.

In summary, Cochran's Motion to Proceed *in Forma Pauperis* is **GRANTED**. Doc. 2. The Court's Report and Recommendation is **VACATED**. Doc. 5. To the extent that Cochran's Complaint seeks to initiate a criminal investigation, it should be **DISMISSED**, in part. He is **DIRECTED** to file an Amended Complaint clarifying the basis for the Court's subject matter jurisdiction over his FECA claim no later than September 26, 2022. Finally, his unilateral 26(f) Report is **TERMINATED** as moot. Doc. 8. As the Court's Rule 26(f) Order indicates, such a report is not filed until after a defendant has been served. *See* doc. 4 at 1. If Cochran addresses the deficiencies in his Complaint, discussed above, he may be entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3).

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 24th day of August, 2022.

Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

8