IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MELVIN COCHRAN,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        CASE NO. CV422-171
                                   )
CHRISTOPHER J. GODFREY, Director   )
of the Office of Worker's          )
Comp.,                             )
                                   )
        Defendant.                 )
                                   )

## O R D E R

Before the Court is the Magistrate Judge's November 1, 2022, Report and Recommendation (Doc. 12), to which Plaintiff has filed objections (Doc. 13). After a careful review of the record,[1] Plaintiff's objections are **OVERRULED** (Doc. 13), and the report and recommendation (Doc. 12) is **ADOPTED** as the Court's opinion in this case, as modified below. See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.")

---

[1] The Court reviews de novo a magistrate judge's findings to which a party objects, and the Court reviews for clear error the portions of a report and recommendation to which a party does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (outlining the standard of review for report and recommendations (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam))).

Plaintiff's Complaint (Doc. 1) is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

The Magistrate Judge recommended that Plaintiff's complaint be dismissed because he failed to timely file an amended complaint. (Doc. 12.) Plaintiff's Objection does not propose to submit one. (Doc 13; Doc. 13, Attach. 1.) To the extent that Plaintiff addresses his failure to comply with the Magistrate Judge's order, he only asserts that his "mailing address is to a private UPS Store mailbox which [he] only check[s] bi-weekly . . . ." (Doc. 13 at 1.) Considering the Magistrate Judge provided approximately thirty days for Plaintiff to file the necessary pleading, (Doc. 11 at 7-8 (directing Plaintiff on August 24, 2022, to file an amended complaint by September 26, 2022)), and another month passed before he recommended dismissal (Doc. 12 (entered November 1, 2022)), Plaintiff's bi-weekly mail arrangements neither explain nor excuse his failure to respond. (Doc. 11 at 7-8.) Since Plaintiff failed to obey the Magistrate Judge's order, the Court **ADOPTS** the report and recommendation as the Court's opinion in this case. (Doc. 12.)

Before finally dismissing Plaintiff's complaint, however, the Court has considered the substance of all of his pleadings and finds that, even if the Court excused his failure to comply, nothing that he has filed even suggests a claim upon which relief may be granted. For that independent reason, Plaintiff's complaint is, therefore, **DISMISSED**. See 28 U.S.C. § 1915(e)(2)(B)(ii).

2

The Magistrate Judge, in a vacated report and recommendation, explained that Plaintiff's allegations seeking to initiate a criminal investigation or prosecution could not state a claim. (Doc. 11 at 3 (collecting cases).) When directing Plaintiff to amend his complaint, the Magistrate Judge also explained that the federal workers' compensation statute, the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101, et seq., cited in Plaintiff's complaint, generally precludes this Court's subject matter jurisdiction over disputed benefits. (Doc. 11 at 5-6.) The only circumstances where this Court has jurisdiction to consider federal workers' compensation claims are "to review charges that the Secretary [of Labor] violated a clear statutory mandate or prohibition, and to consider constitutional claims." Woodruff v. U.S. Dep't of Lab., Off. of Workers Comp. Program, 954 F.2d 634, 639 (11th Cir. 1992).

Charitably construed, Plaintiff's objection and attached exhibit represent an attempt to amend his complaint. (Doc. 13; Doc. 13, Attach. 1.) Plaintiff states that he is providing "some evidence of a crime committed by the Department of [L]abor, Office of Workers Compensation[,] that describes conspiracy to deny benefits violating labor laws connected to [his] USPS contract with APWU[,]" which the Court assumes is the American Postal Workers Union. (Doc. 13 at 1.) It appears that Plaintiff reported his allegations to the Federal Bureau of Investigation, which

3

directed him to a United States Attorney's Office, where he was advised to contact his member of Congress. (Id. at 2.) Although Plaintiff's allegations do little to clarify the exact nature of his dispute with the Department of Labor, his attached exhibits indicate that the events at issue occurred at least twenty years ago. (Doc. 13, Attach. 1 at 1 (memorandum related to benefits dated December 12, 1994), 2 (page 3 of a memorandum related to benefits dated January 12, 1995), 6 (correspondence with the United States Attorney for the Southern District of Florida dated November 6, 2000).)

Although the Court has discovered limited authority concerning the statute of limitations applicable to when courts may exercise jurisdiction over FECA claims, at least one court has applied the general limitations period applied to actions against the United States under 28 U.S.C. § 2401. See Stone v. Chao, 284 F. Supp. 2d 241, 247-48 (D. Mass. 2003). At the longest, § 2401 requires claims against the United States be filed within six years after the right of action accrues. See 28 U.S.C. § 2401(a). Even if the Court charitably assumed that Plaintiff's claim accrued at the latest date implicated in his filings (Doc. 13, Attach. 1 at 6), it is untimely by more than a decade.

In summary, Plaintiff has failed to comply with the Magistrate Judge's order, and dismissal is appropriate under Federal Rule of Civil Procedure 41(b). Therefore, Plaintiff's objections (Doc. 13)

4

are **OVERRULED**, and the Magistrate Judge's report and recommendation (Doc. 12) is **ADOPTED** as the Court's opinion in this case. Even charitably construing Plaintiff's most recent filings as an attempt to supplement his allegations, he has failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Either the Court lacks subject matter jurisdiction to review the Secretary of Labor's decision concerning his benefits, see 5 U.S.C. § 8128(b); Woodruff, 954 F.2d at 639, or his claims are time barred, see 28 U.S.C. § 2401. For any one of these alternatively sufficient reasons, Plaintiff's complaint is **DISMISSED**. (Doc. 1.) The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this _28th_ day of November 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA